FILED
02 AUG 14 PM 3: 17
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

LARRY EUGENE LEETH, et al.,    }
                               }
    Plaintiffs,                 }
                               }
v.                             }    CASE NO. CV-01-1236-NE
                               }
AMERICOLD COMPRESSOR, et al.,  }
                               }
    Defendants.                 }

ENTERED
AUG 15 2002

## MEMORANDUM OPINION

This case came before the court on many Motions to Dismiss: Motion by Defendant Yellow Freight Systems to Dismiss (docket # 10); Motion by Defendant State Farm to Dismiss, or in the Alternative for Summary Judgment (docket # 11); Motion by Defendants Cullman County and Coroner Murphree to Dismiss (docket # 12); Motion by Defendant City of Cullman to Dismiss (docket # 13); Motion by Defendant Jerry Cobb to Dismiss (docket # 14); Motion by Defendant Americold Compressor to Dismiss (docket # 15); Motion by Defendant Beverly Paschal Poston to Dismiss (docket # 16); and Motion by Defendant Roy Braswell to Dismiss (docket # 24). By Order of August 2, 2002, Judge Smith, who previously had this case, converted all of the Motions to Dismiss into Motions for Summary Judgment.

The court has reviewed everything submitted in support of and in opposition to the Motion for Summary Judgment. Additionally, the court held a hearing on June 26, 2002, at which time the court walked through each and every allegation of the Leeths' complaint with the Leeths and defense counsel. Although the dispositive motions in this case were under

1

59

submission prior to the hearing, the court took a very liberal view of anything the Leeths wanted to submit or say at the hearing.

Because of the numerosity of the defendants, the court chose to address the defendants in the following groups: *Res Judicata* and *Rooker - Feldman* Doctrine defendants, Jerry Cobb, City of Cullman and its police officers White, Wood, Bartlett, and Martin, State Farm Insurance Company, Americold Compressor, and Yellow Freight Systems, Inc.; Cullman County and its Coroner, Dr. Murphree; Alabama Department of Public Safety; Beverly Poston; and Roy Braswell. Having considered all of the submissions and the arguments set forth at the hearing, the court finds the defendants' Motions for Summary Judgment are due to be granted in their entirety for the reasons stated on the Record and set forth below. An Order granting the motions will be entered contemporaneously herewith.

Mr. and Mrs. Leeth are *pro se* litigants who filed "Counterclaims" in the Circuit Court of Cullman County CV-2000-15 against most of the same defendants in this court action.[1] The state court case is a wrongful death action that arose out of an automobile accident between the

---

[1] Mr. and Mrs. Leeth and their daughter Mary Lee Leeth, on behalf of herself and her minor son, filed their "Counterclaims" in the Circuit Court of Cullman County CV-2000-105 against the Estate of Stella Mae Thomas (Jerry Cobb as Personal Representative), Yellow Freight Systems, Inc., Americold Compressor, and Fictitious Defendants on March 8, 2000. On November 3, 2000, the Leeths filed the "Second Amendment of Counter/ Cross Claim Permissive Counterclaims and Permissive Joinder of Parties" adding "Counter/ Cross Defendants State Farm Insurance, The City of Cullman, and Police Officers White, Bartlett, Wood, and Martin." On November 8, 2000 the Leeths filed the "Third Amendment of Permissive Counter-Cross Complaint and Interpleader." Then, on December 13, 2000, the Leeths moved to dismiss the aforementioned pleadings, which Judge Hardeman denied by Order of February 2, 2001, and instead granted the defendants motions to dismiss and motion for summary judgment.

Leeths and Stella Mae Thomas who died as a result of the accident.[2] Mr. Leeth was driving his automobile with his wife, daughter, and grandson as passengers.

In the state court action, Judge Hardeman granted Americold Compressor's Partial Motion for Summary Judgment on the Leeths' "counterclaims" and dismissed the Leeths' claims against the City of Cullman and its officers by Order of February 2, 2001. Also in the February 2, 2001 Order, Judge Hardeman certified as final the court's previous Order of December 14, 2000 granting State Farm's Motion to Dismiss and Jerry Cobb's Motion to Dismiss, as Personal Representative of the Estate of Stella Mae Thomas, for failure to comply with the statute of nonclaims. The only claims still pending in the Cullman County case are the original claims against the Leeths and the Leeths' "counterclaims" against Yellow Freight.

On May 14, 2001, the Leeths filed this action against all of the aforementioned parties as well as defendants Beverly Paschal Poston,[3] the State of Alabama, Cullman County, County Coroner Murphree, and Roy Braswell.[4]

### A. Summary Judgment Standard

Because the Leeths are proceeding *pro se*, their pleadings are held to a less stringent

---

[2] The Leeths contend that the accident was not their fault and that the police produced a fraudulent accident report finding Mr. Leeth at fault for the wreck. The claims against all of the defendants in this action, except Ms. Poston, arise out of the automobile accident and relate to the use of the allegedly fraudulent report. *See* Complaint.

[3] Ms. Poston represented the Leeths in the state court action from June 6, 2000 through September 8, 2000. *See* Complaint at 5.

[4] Mr. Braswell is the attorney representing the Estate of Stella Mae Thomas in the Cullman County action.

standard than attorneys' pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, the court's role is not to act as counsel for *pro se* litigants. While the court construes a *pro se* litigant's pleadings liberally, the court cannot go beyond the four corners of the pleadings or submissions. Nonetheless, the court took great pains to review everything submitted in opposition to the motions to dismiss, which Judge Smith converted into motions for summary judgment, and walked through each and every allegation in the Leeths' complaint with the Leeths and defense counsel at the hearing on the motions for summary judgment.

When a district court reviews a motion for summary judgment under Federal Rules of Civil Procedure 56, it must determine two things: (1) whether any genuine issues of material fact exist; and, if not, (2) whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). To succeed, the moving party bears the burden of establishing both prongs of the summary judgment test. The nonmoving party may defeat the motion for summary judgment by establishing <u>either</u> genuine issues of material fact <u>or</u> that the movant is not entitled to judgment as a matter of law.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986) (quoting Fed. R. Civ. P. 56). The party seeking summary judgment can meet this burden by offering evidence showing no dispute of material fact, or by showing that the nonmoving party's evidence fails to meet some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. Rule 56,

4

however, does not require "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." 477 U.S. at 323.

When the moving party has met his burden, Rule 56 (e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P 56 (e)). The responding party does not need to present evidence in a form admissible at trial; "however, he may not merely rest on his pleadings." 477 U.S. at 324. "The plain language of Rule 56 (c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In responding to a properly-supported motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 , 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986), (citations omitted); *accord Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989).

Substantive law determines which facts are material and which are irrelevant. *Anderson*, 477 U.S. at 248. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." 477 U.S. at 248. Issues of fact are "'genuine' only if a reasonable jury considering the evidence presented could find for the nonmoving party."

5

*Anderson*, 477 U.S. at 249. Material facts affect the outcome of the trial under governing law. 477 U.S. at 248. To determine whether a material fact exists, the court must consider all the evidence in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 249; *Patton v. Triad Guar. Ins. Corp.*, 277 F.3d 1294, 1296 (11th Cir. 2002); *Witter v. Delta Airlines, Inc.*, 138 F.3d 1366, 1369 (11th Cir. 1998).

After both parties have addressed the motion for summary judgment, the court must grant the motion if no genuine issues of material fact exist and if the moving part is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). In reviewing the evidence submitted, the court must "view the evidence presented through the prism of the substantive evidentiary burden," to determine whether the nonmoving party presented sufficient evidence on which the jury could reasonably find for the nonmovant. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1998). The court should not weigh the evidence, or make determinations as to the credibility of witnesses because these decisions fall to the province of the jury. *See Anderson*, 477 U.S. at 255; *Stewart v. Booker T. Washington Ins. Co.*, 232 F.3d 844, 848 (11th Cir. 2000); *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). Thus, "the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. "The nonmovant need not be given the benefit of every inference, but only of every reasonable inference." *Graham*, 193 F.3d at 1282 (quoting *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n. 12 (11th Cir. 1988). In this case, defendants met their initial burden. Plaintiffs' response, however, failed to set forth any evidence showing any disputed facts.

**B.     *Res Judicata* and *Rooker - Feldman* Doctrine Defendants**

Defendants Jerry Cobb, City of Cullman and its police officers, State Farm Insurance Company, Americold Compressor, and Yellow Freight Systems, Inc. contend that the Leeths' claims against them are barred by *res judicata*. To claim the defense of *res judicata*, the defendants must show that the prior decisions " (1) [were] rendered by a court of competent jurisdiction; (2) [were] final; (3) involved the same parties or their privies; and (4) involved the same causes of action." *Trustmark Ins. Co. v. ESLU, Inc.*, 2002 WL 1777006 (11th Cir.), citing *In re Piper Aircraft Corp.*, 244 F. 3d 1289, 1296 (11th Cir. 2001).

Each of the above-named defendants filed motions to dismiss or motions for summary judgment in the state court case. Judge Hardeman granted each of the defendants' motions, except Yellow Freight's motion, which is still pending, and, therefore, not barred by res judicata. However, the Leeths' claims against all other defendants in this group were, or could have been, decided in the state court case. *See Kimbrough v. Harden Mfg. Corp.*, 2001 U.S. Dist. Lexis 23424, *6 (N.D. Ala. Aug. 9, 2001), *citing Dairyland Ins. Co. v. Jackson*, 566 So. 2d 723, 725 (Ala. 1990) (finding that "the doctrine of *res judicata* bars claims which were or could have been adjudicated in a previous action.").

The Circuit Court of Cullman County is undoubtedly a court of competent jurisdiction. Judge Hardeman certified as final each of the Orders dismissing the claims against Jerry Cobb, the City of Cullman and its Officers, and State Farm Insurance Company and the Order granting Americold Compressor's Motion for Summary Judgment by Order of February 2, 2001, thereby meeting the second prong of the *res judicata* bar. The state court claims involved exactly the same parties set out in this group. Therefore, the defendants have met the first three prongs to

7

the res judicata bar.

The final prong - that the instant claims involve the same causes of action that were or could have been adjudicated in the previous action - requires a closer look. The Leeths' state court pleadings contained the following allegations:

a) Yellow Freight - negligence per se, wantonness per se, negligent entrustment, wanton entrustment, negligent hiring, wanton hiring, negligent retention, wanton retention, negligent supervision, wanton supervision, fraud, conspiracy to defraud and intentional infliction of emotional distress, and combining and concurring negligence and/or wantonness;

b) Estate of Stella Thomas, Jerry Cobb as Personal Representative - combining and concurring negligence and/or wantonness, conspiracy to defraud, intentional infliction of emotional distress and malicious bad faith filing of lawsuit, negligence, wantonness, and recklessness;

c) Americold - negligence, fraud, conspiracy to defraud, intentional infliction of emotional distress, and combining and concurring negligence and/or wantonness;

d) State Farm Insurance Company - bad faith refusal to pay automobile accident claim and fraud, conspiracy to defraud and intentional infliction of emotional distress;

e) City of Cullman and its Officers - fraud, conspiracy to defraud and intentional infliction of emotional distress.

The Leeths' instant complaint alleges violation of due process and equal protection under 42 U.S.C. § 1983 through racial profiling and using racial profiling to devise a scheme to defraud against all defendants; negligence against Yellow Freight, Americold Compressor, Jerry Cobb, and State Farm; and "rackerteering" against State Farm. The crux of the Leeths' allegations is

8

that all of the defendants participated in a scheme using the allegedly fraudulent police report to deprive the Leeths of their rights. All of these claims arise out of the same incident as the state court claims - the automobile accident and the police report concerning it - and all could have been pled in the state court case. For *res judicata* purposes, the test for whether claims arise "out of a common nucleus of operative fact" is whether the "underlying core of facts [is] the same in both proceedings." *In re Piper Aircraft Corp.*, 244 F. 3d 1289, 1301 (11th Cir. 2001). As such, Judge Hardeman's rulings in the state court action operate as *res judicata* of the instant claims because the instant claims arise out of ta common nucleus of operative fact and are substantially the same as the ones previously dismissed.

Even absent the *res judicata* bar, the court finds additional reasons why these claims should be dismissed. As to the Leeths' purported § 1983 claims[5], neither Jerry Cobb, State Farm, Yellow Freight, nor Americold Compressor are state actors and, therefore, took no action under color of state law. Accordingly, the Leeths cannot meet the requirements set out for a § 1983 claim against those defendants and summary judgment on the civil rights claims should be granted in their favor.

As to the City of Cullman, under the holding in *Monell v. Department of Social Services of New York*, 98 S. Ct. 2018, 2036 (1978), the City cannot be held liable for the acts of its police officers under the theory of respondeat superior. As to the individual officers, the Eleventh

---

[5] 42 U.S.C. § 1983 reads, in pertinent part, "Every person who, **under color** of statute, ordinance, regulation, custom, or usage, **of any State** . . .subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the person injured . . ."

9

Circuit has held that police officers are protected by qualified immunity.[6] *See Scarborough v. Myles*, 245 F.3d 1299 (11th Cir. 2001). The Cullman police officers would only be subject to liability if clear law indicated that producing an allegedly false police report was a clear violation of the plaintiffs' rights. As no case establishes that the alleged production of a fraudulent report is a violation of the Leeths' rights, the officers could not be held liable for that act.

Additionally, the application of the *Rooker-Feldman* doctrine to each of the aforementioned claims, including Yellow Freight Systems, justifies the dismissal of the Leeths' claims against this group of defendants. The *Rooker-Feldman* doctrine prevents the plaintiffs from seeking review of previous state court litigation in federal court under the guise of raising new "federal claims." *Goodman v. Sipos*, 259 F. 3d 1327 (11th Cir. 2001)(citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). Under *Rooker-Feldman*, this court lacks jurisdiction to hear the Leeths' claims and to allow what amounts to an appeal of a valid state court judgment.

As to Yellow Freight Systems, the Leeths' claims in this action are also barred by Ala. Code § 6-5-440, which provides that a plaintiff is prohibited from simultaneously prosecuting two actions in separate courts of this state for the same cause against the same party. As the

---

[6] At the June 26, 2002 hearing, the court stated on the record that police officers are entitled to qualified immunity unless clear law at the time of the alleged violation establishes that the alleged conduct violated a constitutional right. The court has since become aware of a recent United States Supreme Court case that narrows a police officer's immunity: the alleged action need not have been previously held to be unlawful, but "in the light of pre-existing law the unlawfulness must be apparent." *Hope v. Pelzer*, 122 S. Ct. 2508, 2515 (2002). Under the holding in *Saucier v. Katz*, 121 S. Ct. 2151, 2156 (2001), the determination of whether a right is clearly established is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Although qualified immunity is more narrow than the court expressed at the hearing, the outcome remains the same in this case.

10

Leeths' claims are still pending in the Circuit Court of Cullman County against Yellow Freight, that court is the proper venue to decide the claims, and the instant claims should be dismissed.

The Leeths' claims against State Farm are also due to be dismissed as no Alabama law provides for a direct action against someone else's insurance company and the Leeths have failed to state any cognizable cause of action against State Farm that they have any possible standing to assert. Finally, the Leeths' complaint makes some mention of an allegation of "rackerteering" against State Farm. However, the Leeths fail to state a cause of action under the Racketeer Influenced and Corrupt Organizations Act (RICO) because the complaint fails to state an underlying violation of a federal statute. See 18 U.S.C. § 1961 et seq.

Therefore, for these reasons, the reasons stated on the Record, and the reasons set forth in the defendants' briefs, separately and severally, summary judgment is due to be granted for defendants Americold Compressor, Jerry Cobb, Yellow Freight Systems, State Farm Insurance Company, and the City of Cullman and its Officers White, Bartlett, Wood, and Martin.

### C.   Cullman County and Dr. Murphree

The Leeths' claims against Dr. Murphree and Cullman County arise out of the allegation that Dr. Murphree furthered a scheme to deprive the Leeths of their rights when he wrote, published, and filed a fraudulent death certificate for Stella Mae Thomas. However, Cullman County and Dr. Murphree presented evidence to the contrary. Mrs. Thomas's death certificate was written and signed by Dr. Pearson, not Dr. Murphree, Dr. Murphree cannot possibly be liable for the Leeths' allegations and the claims against him are due to be dismissed.

Summary Judgment is also due to be granted in favor of Cullman County under the theory of respondeat superior. Additionally, both the county and Dr. Murphree are entitled to

qualified immunity.

### D. Alabama Department of Public Safety

Any claims against the Alabama Department of Public Safety are due to be dismissed as the State is entitled to absolute immunity from suit in federal court under the Eleventh Amendment. *Alabama v. Pugh*, 328 U.S. 781 (1978). The Leeths have failed to present evidence of any waiver that would allow them to circumvent this immunity.

### E. Beverly Poston

Ms. Poston is an attorney who represented the Leeths for a short time in the state court action. The only claims that the Leeths might possibly have against Ms. Poston are those arising under state law involving legal malpractice. The Leeths have failed to establish any subject matter, diversity, or federal question jurisdiction over any claims they may have against Ms. Poston. This court, therefore, does not have jurisdiction over those claims, as this court is a court of limited jurisdiction. Accordingly, the claims against Beverly Poston are due to be dismissed.

### F. Roy Braswell

Mr. Braswell represents the Estate of Stella Mae Thomas in the state court wrongful death action. The Leeths allege that Mr. Braswell participated in a conspiracy to deprive them of their rights to due process and equal protection, as well as legal malpractice. Regarding the legal malpractice claims, Mr. Braswell owes the Leeths no duty as Mr. Braswell never represented the Leeths. Any cause of action that the Leeths may have against Mr. Braswell, if any, would be governed by state law. As explained above, this court does not have jurisdiction over those possible claims, and summary judgment is, therefore, due to be granted.

Additionally, the claims regarding deprivation of the plaintiffs' rights are also due to be

dismissed as Mr. Braswell is not a state actor and the Leeths cannot possibly meet the requirements set out for a § 1983 claim against him.

### G. Conclusion

For the foregoing reasons, the reasons stated on the record in open court, and the reasons in the defendants' briefs, summary judgment is due to be granted in favor of the defendants and all of the claims in the Leeths' Complaint are due to be dismissed. An Order dismissing the Complaint will be entered contemporaneously herewith.

DONE this 14th day of August, 2002.

KARON O. BOWDRE
UNITED STATES DISTRICT JUDGE